**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2216-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYRONE ELLISON,

    Defendant-Appellant.

_____

<div style="border:1px solid black;">

**APPROVED FOR PUBLICATION**

**June 20, 2018**

**APPELLATE DIVISION**

</div>

Submitted June 6, 2018 – Decided June 20, 2018

Before Judges Alvarez, Nugent, and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 01-06-2564, whose opinion is reported at 448 N.J. Super. 113 (Law Div. 2016).

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Perrone, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tyrone Ellison appeals from a September 13, 2016 order denying his first petition for post-conviction relief (PCR).  We affirm.

Defendant was indicted for second-degree sexual assault, N.J.S.A. 2C:14-2(c) (count one); third-degree criminal restraint, N.J.S.A. 2C:13—2 (count two); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4 (count three); and third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a) (count four).

On June 26, 2001, defendant pled guilty to count four, as amended, fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), in exchange for a recommendation of a five-year probationary term, conditioned on not more than 364 days incarceration to run concurrently to a sentence defendant was then serving, and dismissal of the remaining counts.

On September 4, 2001, defendant was sentenced in accordance with the plea agreement to time served as a condition of five years' probation. At sentencing, the judge confirmed defendant's conviction did not subject him to Megan's Law, N.J.S.A. 2C:7-1 to -19. Neither the judge nor plea counsel addressed or mentioned the Sexually Violent Predator's Act, N.J.S.A. 30:4-27.24 to -27.38 (SVPA), which became effective in 1999, during the plea hearing or at sentencing. Defendant did not file a direct appeal of his conviction or sentence.

Defendant subsequently violated probation and the court resentenced him on April 11, 2003, to a three-year prison term. Defendant did not appeal from the resentencing.

In September 2011, the State filed a petition seeking to civilly commit defendant under the SVPA, relying upon the instant conviction as one of the predicate offenses. Following a September 16, 2011 order for temporary civil commitment, the court granted the State's petition to civilly commit defendant under the SVPA. Defendant remains civilly committed.

On December 24, 2015, fourteen years after entry of his judgment of conviction, defendant filed a petition for PCR. Counsel was appointed to represent defendant. Defendant alleged his plea counsel was ineffective for failing to advise him that his plea exposed him to the possibility of civil commitment under the SVPA, as subsequently mandated by the Supreme Court in State v. Bellamy, 178 N.J. 127, 138 (2003). Defendant claimed his delay in filing his petition was excusable because he only learned of this collateral consequence to his plea when the State brought the civil commitment proceedings against him in 2011. Defendant did not claim counsel gave him erroneous advice.

On August 8, 2016, Judge Russell J. Passamano heard oral argument and subsequently issued a September 13, 2016 order and

twenty-eight-page written opinion denying defendant's petition without an evidentiary hearing. State v. Ellison, 448 N.J. Super. 113 (Law Div. 2016). Judge Passamano held defendant's petition was time-barred by Rule 3:22-12(a) and defendant had not demonstrated excusable neglect warranting relaxation of the five-year time bar for filing a first PCR petition. The judge further held an evidentiary hearing was unnecessary because there were no material facts in dispute and the petition was substantively without merit. This appeal followed.

On appeal, defendant renews the contentions made below, raising the following points:

> POINT ONE
>
> THE PCR COURT ERRED IN CONCLUDING THAT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME BARRED BECAUSE DEFENDANT'S FAILURE TO FILE HIS PETITION WITHIN FIVE YEARS OF HIS CONVICTION WAS DUE TO EXCUSABLE NEGLECT AND ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.
>
> POINT TWO
>
> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF PLEA COUNSEL FOR FAILING TO PROPERLY ADVISE HIM THAT THE OFFENSE FOR WHICH HE WAS PLEADING GUILTY COULD BE A PREDICATE OFFENSE FOR PURPOSES OF CIVIL COMMITMENT UNDER THE SEXUALLY VIOLENT PREDATORS ACT.

We find no merit in defendant's contentions and affirm substantially for the reasons stated in Judge Passamano's

comprehensive and well-reasoned published opinion. No further discussion is warranted. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION